UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BRANDEN WILLIE ISELI,

Plaintiff,

v.

CALIFORNIA DEPARTMENT OF
CORRECTIONS AND
REHABILITATION,

Defendant.

No.  2:25-cv-3441 SCR P

ORDER AND

FINDINGS AND RECOMMENDATIONS

Plaintiff is incarcerated in state prison and proceeding pro se in this civil rights action filed pursuant to 42 U.S.C. § 1983.  The matter was referred to the undersigned by operation of Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

**I.     In Forma Pauperis Statute**

Plaintiff filed his complaint on November 26, 2025, along with a motion to proceed in forma pauperis.  ECF No. 2.  The in forma pauperis statute at 28 U.S.C. § 1915(g) states:

> In no event shall a prisoner bring a civil action . . . [in forma pauperis] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

This "three strikes rule" was part of "a variety of reforms designed to filter out the bad claims

1

[filed by prisoners] and facilitate consideration of the good." Coleman v. Tollefson, 575 U.S. 532 (2015) (quoting Jones v. Bock, 549 U.S. 199, 204 (2007)); see also Harris v. Harris, 935 F.3d 670, 673 (9th Cir. 2019) ("The PLRA's "three strikes" provision [was] designed to discourage vexatious and voluminous prisoner litigation[.]").

Prior dismissals "qualify as strikes only if, after reviewing the orders dismissing those actions and other relevant information, the district court determine[s] that they had been dismissed because they were frivolous, malicious or failed to state a claim." Andrews v. King, 398 F.3d 1113, 1121 (9th Cir. 2005) (remanding to the district court to determine on what basis the prior cases were dismissed); see also Harris, 935 F.3d at 673 ("[I]f a case was not dismissed on one of the specific enumerated grounds, it does not count as a strike under § 1915(g)."). "[T]o qualify as a strike for § 1915(g), a case as a whole, not just some of its individual claims, must be dismissed for a qualifying reason." Hoffmann v. Pulido, 928 F.3d 1147, 1152 (9th Cir. 2019) (explaining that "if certain claims in a prisoner's lawsuit are dismissed as frivolous or malicious, or for failing to state a claim, that dismissal will not qualify as a PLRA strike if there are other claims that are either not dismissed or are dismissed for different, non-enumerated reasons").

## II.    Prior Non-Heck Cases Counting as Strikes

A review of cases that plaintiff previously filed in this court and proceeded in forma pauperis shows that at least three were dismissed for failure to state a claim.[1]

### 1) Iseli v. State of California, et al., No. 2:22-cv-2171 DJC CKD (E.D. Cal.)

In this case, the Court held that plaintiff's federal claims were barred by the Eleventh Amendment, declined to exercise supplemental jurisdiction over plaintiff's state claims, and dismissed the original complaint without leave to amend for failure to state a claim under 28 U.S.C. § 1915A(b)(1). Iseli v. State of California, No. 2:22-cv-2171 CKD P, 2023 WL 2227089, at *2 (E.D. Cal. Feb. 24, 2023), report and recommendation adopted, No. 2:22-cv-2171 DJC CKD, 2023 WL 2895217 (E.D. Cal. Apr. 11, 2023). Accordingly, this action constitutes a strike

---

[1] The undersigned may take judicial notice of federal court filings. Harris v. County of Orange, 682 F.3d 1126, 1131-32 (9th Cir. 2012) (a court may take judicial notice of undisputed matters of public record including documents on file in federal or state courts); see also Fed. R. Evid. 201.

under 28 U.S.C. § 1915(g).

**2)   Iseli v. Unknown, No. 2:23-cv-0199 TLN AC P (E.D. Cal.)**

The Court dismissed plaintiff's first amended complaint, which challenged the constitutionality of various Title 15 regulations, without leave to amend for failure to state a claim. Iseli v. Unknown, No. 2:23-cv-0199 AC P, 2025 WL 1067721, at *2-5 (E.D. Cal. Apr. 9, 2025) , report and recommendation adopted, No. 2:23-cv-0199 TLN AC, 2025 WL 1707198 (E.D. Cal. June 18, 2025).  The Court had dismissed plaintiff's original complaint because it was "so vague and conclusory that the court was unable to determine whether the current action is frivolous or fails to state a claim for relief." Iseli v. Unknown, 2025 WL 1067721, at *1. Accordingly, this case also counts as a strike under 28 U.S.C. § 1915(g).

**3)   Iseli v. Johnson, No. 2:24-cv-1210 DAD JDP (PC) (E.D. Cal.)**

The Court dismissed plaintiff's complaint without leave to amend for "failure to state a cognizable prisoner civil rights claim" after determining plaintiff could not bring his two claims for violations of his rights to effective counsel and a speedy trial, respectively, under 42 U.S.C. § 1983.  Iseli v. Johnson, No. 2:24-cv-1210 JDP (PC), 2024 WL 3968443, at *1 (E.D. Cal. Aug. 28, 2024) ("Such claims must be brought, if at all, in a petition for habeas corpus"), report and recommendation adopted, No. 2:24-cv-1210 DAD JDP (PC), 2024 WL 5058446 (E.D. Cal. Dec. 10, 2024).  The Court separately dismissed the complaint on grounds that the sole defendant, a Superior Court Judge, was entitled to judicial immunity. Id.

The undersigned finds that this case counts as a strike solely based on the Court's finding of judicial immunity.  The Court's dismissal of plaintiff's § 1983 claims, which sought both millions of dollars in damages and the habeas remedy of release, as falling within the core of habeas, does not necessarily itself constitute a strike under the PLRA.  See Washington v. Los Angeles Cnty. Sheriff's Dep't, 833 F.3d 1048, 1057 (9th Cir. 2016) (declining to impose strike where the district court dismissed plaintiff's Eighth Amendment conditions claim and advised him that "that habeas proceedings were 'the proper mechanism' for challenges to his sentence").

However, while dismissals on immunity grounds are generally not strikes, see also Harris, 935 F.3d at 675-76, they may constitute strikes where immunity "may be so clear on the face of

3

the complaint that dismissal may qualify as a strike for failure to state a claim[.]" Ray v. Lara, 31 F.4th 692, 697 (9th Cir. 2022). The undersigned finds that the judicial bar was obvious from the face of this complaint, which challenged actions by the presiding Superior Court Judge that allegedly delayed plaintiff's criminal trial. ECF No. 1 at 3. The Court appears to have agreed, noting in the screening order that the "immunity extends where, as here, a plaintiff alleges that the judge's acts were erroneous and injurious to him." Iseli v. Johnson, 2024 WL 3968443, at *1 (E.D. Cal. Aug. 28, 2024) (citing Cleavinger v. Saxner, 474 U.S. 193, 199-200 (1985)).

Further, "[w]hen we are presented with multiple claims within a single action, we assess a PLRA strike only when the 'case as a whole' is dismissed for a qualifying reason under the Act." Washington, 833 F.3d at 1057 (9th Cir. 2016) (quoting Andrews v. Cervantes, 493 F.3d 1047, 1054 (9th Cir. 2007)). Here, the Court's finding of judicial immunity disposed of the entire complaint, as Judge Johnson was the sole defendant and judicial immunity "is not limited to immunity from damages, but extends to actions for declaratory, injunctive and other equitable relief." See Moore v. Brewster, 96 F.3d 1240, 1243 (9th Cir. 1996), superseded by statute on other grounds. Accordingly, the Court's dismissal of plaintiff's complaint pursuant to judicial immunity counts as a strike under 28 U.S.C. § 1915(g).

### III.   **Heck Dismissals**

The undersigned notes that at least four of plaintiff's other civil rights actions were dismissed solely as barred by Heck v. Humphrey, 512 U.S. 477 (1994) and its progeny:

1)  Iseli v. State of California, No. 2:22-cv-1933 WBS DMC P (E.D. Cal.), 2022 WL 17093813, *2 (E.D. Cal. Nov. 21, 2022), report and recommendation, No. 2:22-cv-1933 WBS DMC P, 2023 WL 2655782 (E.D. Cal. Mar. 27, 2023).

2)  Iseli v. CA, No. 2:22-cv-2173 AC P, 2025 WL 1042348, at *2 (E.D. Cal. Apr. 8, 2025), appeal dismissed, No. 25-2723, 2025 WL 2159102 (9th Cir. May 29, 2025), and report and recommendation adopted, No. 2:22-CV-2173 DJC AC P, 2025 WL 1557303 (E.D. Cal. June 2, 2025).

3)  Iseli v. Aleg, No. 2:23-cv-0084 KJM KJN P, 2023 WL 5207633, at *2–3 (E.D. Cal. Aug. 14, 2023), report and recommendation adopted, No. 2:23-cv-0084 KJM CSK, 2024 WL 4520182 (E.D. Cal. Oct. 17, 2024).

4)  Iseli v. Lynch, No. 2:24-cv-0800 JDP (PC), 2024 WL 3968432 (E.D. Cal. Aug. 28, 2024), report and recommendation adopted, No. 2:24-cv-0800 TLN JDP, 2024 WL 4289879 (E.D. Cal. Sept. 25, 2024).

4

A Heck dismissal "may constitute a PLRA strike for failure to state a claim when Heck's bar to relief is obvious from the face of the complaint, and the entirety of the complaint is dismissed for a qualifying reason under the PLRA." Ray, 31 F.4th at 697 (9th Cir. 2022) (quoting Washington, 833 F.3d at 1055).

A review of these actions reveals that the Heck-bar was obvious from the face of at least one complaint. In Iseli v. People of the State of CA, No. 2:22-cv-2173 DJC AC (E.D. Cal.), after dismissing plaintiff's original complaint for improperly attacking the validity of his conviction, the Court determined that plaintiff's first amended complaint suffered the same defect and dismissed the action without leave to amend for failure to state a claim. 2025 WL 1042348, at *2 (E.D. Cal. Apr. 8, 2025), appeal dismissed, No. 25-2723, 2025 WL 2159102 (9th Cir. May 29, 2025), and report and recommendation adopted, No. 2:22-CV-2173 DJC AC P, 2025 WL 1557303 (E.D. Cal. June 2, 2025). The amended complaint (ECF No. 26), which was on the prisoner complaint form used in this district and largely tracks and incorporates plaintiff's other § 1983 actions, requested reversal of plaintiff's conviction and referenced his various related appeals and habeas petitions. See Ray, 31 F.4th at 698 (finding Heck bar obvious where pleading was "styled as a prisoner complaint and listed his prison mailing address," and attachments confirmed plaintiff "was "in prison awaiting release via [his] appeal"). For these reasons, the undersigned finds that this Heck-barred action constitutes a fourth strike.

Because plaintiff has accrued at least four strikes under 28 U.S.C. § 1915(g) independent from the other Heck-barred actions, the undersigned need not conduct a detailed inquiry into the three remaining actions. The undersigned will proceed to the imminent danger analysis.

**IV.     No Imminent Danger of Serious Physical Injury**

With at least three strikes, plaintiff may only proceed in forma pauperis if he plausibly alleges that he was faced with imminent danger of serious physical injury at the time he filed the complaint. See Williams v. Paramo, 775 F.3d 1182, 1189 (9th Cir. 2015); Cervantes, 493 F.3d at 1055. In this case, there is no allegation by plaintiff that he was under imminent danger of serious physical injury at the time that he filed the complaint. Instead, the complaint concerns a state prison data breach that allegedly occurred in January 2022, and that plaintiff received notice

5

of in August 2022.  ECF No. 1 at 9.  Plaintiff alleges the data breach exposed his "protected health information or personally identifiable information."  Id.

In light of the foregoing, the undersigned recommends that plaintiff's request for leave to proceed in forma pauperis be denied.  It is further recommended that plaintiff be granted thirty days to pay the full filing fee for this action.

## DISCOVERY AND SETTLEMENT MOTIONS

In light of the above recommendation that plaintiff's in forma pauperis application be denied, the undersigned further recommends that plaintiff's motions for early settlement conferences (ECF Nos. 7, 10, 12, 13, and 14) and motions to compel discovery (ECF Nos. 8 and 15) be denied as premature.  If these findings and recommendations are adopted and plaintiff pays the filing fee, the undersigned still must screen the complaint under 28 U.S.C. § 1915A.  Plaintiff is advised that there will be opportunities for discovery and settlement discussions at a later stage of the proceeding should the Court determine on screening that plaintiff's complaint states a cognizable claim for relief.

## PLAIN LANGUAGE SUMMARY FOR PARTY PROCEEDING WITHOUT A LAWYER

Since plaintiff is representing himself in this case, the court wants to make sure that the words of this order are understood.  The following information is meant to explain this order in plain English and is not intended as legal advice.

In deciding whether to allow you to proceed without paying the filing fee, the court has reviewed the prior cases that you filed.  At least four of these prior cases count as "strikes" and there is no showing that you were in imminent danger of serious physical injury at the time you filed this case.  For these reasons, it is recommended that you be required to pay the whole filing fee at one time if you want to proceed with this case.  It is also recommended that your discovery and settlement motions be dismissed because as premature at this early stage of the case.

If you disagree with this recommendation, you have 21 days to explain why it is not correct.  Label your explanation as "Objections to Magistrate Judge's Findings and Recommendations."  The final decision will be made by the district judge assigned to your case.

////

6

**CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that the Clerk of Court randomly assign this matter to a district judge.

IT IS FURTHER RECOMMENDED that:

1.     Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) be DENIED.

2.     Plaintiff be granted thirty (30) days in which to pay the $405 filing fee for this action and advised that a failure to pay the filing fee within the time provided will result in the dismissal of this action.

3.     Plaintiff's motions for settlement conferences (ECF Nos. 7, 10, 12, 13, and 14) and motions to compel discovery (ECF Nos. 8 and 15) be DENIED as premature.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judges Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 15, 2026

_____
SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE

7